**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Southern Division

|  |  |
|---|---|
| EARL JOHNSON, JR. #252-782, 335-615 | * |
| Plaintiff, | Case No.: GJH-18-1405 |
| v. | * |
| J. STEELE, <br> JOESEPH LOHMAN <br> STATE REP. GODLOVE | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Earl Johnson ("Plaintiff") is incarcerated at the Maryland Correctional Training Center ("MCTC") in Hagerstown, Maryland. Plaintiff filed a Complaint under 42 U.S.C. § 1983 on May 3, 2018, alleging that Defendant Officer J. Steele[1] falsely charged him with possession of alcohol and that he was improperly strip searched and harassed as a result. ECF No. 1. On May 29, 2018, the Court granted Plaintiff twenty-eight days to supplement the Complaint in order to explain why he named Lohman and Godlove as Defendants and what law or constitutional provisions Defendants violated. ECF No. 3. For the following reasons, Plaintiff's supplement, filed on June 14, 2018, ECF No. 5, does not correct these deficiencies, and the Complaint is dismissed.[2]

---

[1] While Plaintiff's Complaint refers to Defendant 'Steel,' the records attached to the Complaint indicate that Defendant's name is 'Steele.' *See* ECF No. 1-1.

[2] Plaintiff submitted a Motion for Summary Judgment on July 12, 2018. ECF No. 7. Because this motion merely restates the information in his original Complaint, the Motion is denied. Plaintiff also requests the Court to consolidate this case with *Johnson v. Robinette, et al*, Civil Action No. GJH-17-3401, which also raises a claim related to alcohol possession. That case names different defendants, concerns a different incident, and is in a more advanced procedural posture than this case, making consolidation inappropriate. ECF No. 5 at 2-3. The request to consolidate is denied.

1

I.  BACKGROUND

Plaintiff claims that on June 27, 2017 and March 22, 2018, Steele falsely charged him with possession of alcohol. As a result, Plaintiff was placed in segregation for a total of 32 days and lost phone and visiting privileges. ECF No. 1; ECF No. 5 at 2. Plaintiff alleges that Steele discriminated against him because only Plaintiff, and not his cellmate, was charged with possession of alcohol. Plaintiff further alleges that Steele harassed him during a cell search by conducting a strip search and breaking his TV-radio-boombox. *Id.*

As a part of his Complaint, Plaintiff filed a copy of the Notice of Inmate Rule Violation written by Steele dated March 22, 2018, which states:

> After conducting a tier check when Housing Unit 6 was out to chow I could smell an alcohol like odor emanating from HU-6-C-1-14. When the unit returned from chow I placed both occupants of the cell in the rec hall until after my count was complete. The inmates that are housed in that cell are Brian Shelton DOC#462840 SID#42763000 and Earl Johnson DOC#252782 SID#335615. I asked both inmates if there was any contraband or any inmate made alcohol in the cell. Both inmates told me that there was no contraband in the cell. After conducting a cell search of 6-C-1-14 with Officer J. Munson, I discovered a large trash bag of inmate made alcohol at the foot of the bunk. Neither inmate claimed ownership of the alcohol. The contraband was photographed and the alcohol was testing [sic] using an alco screen test strip. Both inmates were positively identified by their state issued ID's.

ECF No. 1-1 at 1.

The Notice was approved by Joseph Lohman. *Id.* at 1. The Notice charged Plaintiff with violating the following rules: 301−possession or use of alcohol without authorization; 302−possession of equipment, material or paraphernalia that may be used for manufacturing alcohol; 406−possession or passing contraband; and 114−possession of a controlled substance, intoxicant, or alcohol in sufficient quantity or packaging materials that suggests an intent to distribute or distribution. *Id.*

Following a hearing, Hearing Officer La-Tricia Taylor issued a decision on April 4, 2018,

in which she observed that the Notice of Rule Violation made no mention of the percentage of alcohol in the liquid or who performed the test. ECF No. 1-2 at 5. She therefore found Plaintiff not guilty of violating rules 114, 301, and 321. *Id.* Taylor noted, however, that a photograph of the alcohol strip was presented into evidence, showing the alcohol level at .08%. *Id.* at 3–5. Plaintiff accepted an incident report on the charge of violating rule 406. *Id.* at 4.

Plaintiff also submitted a Notice of Inmate Rule Violation involving alcohol for an incident on June 7, 2017. ECF No. 1-4. Steele wrote the Notice, which states in part:

> I witnessed an inmate later identified as Earl Johnson DOC #252782 SID #335615 drinking what appeared to be homemade alcohol in the rec hall. I witnessed inmate Johnson yelling loudly at several Ramadan inmates and inviting them to fight him. I ordered inmate Johnson out of the rec hall and could smell alcohol on his breath. I ordered inmate Johnson to turn around and be handcuffed to which he complied. After inmate Johnson was handcuffed, myself and Sgt. Calder went to inmate Johnson's cell and discovered numerous single bottles of homemade alcohol and one large bag of homemade alcohol. The suspected alcohol was tested utilizing an alco-screen test which tested at a .3% or higher range. Pictures were taken of the homemade alcohol and the inmate was identified using his DOC ID. Inmate Johnson was escorted to the dispensary for medical treatment.

ECF No. 1-4 at 1. Plaintiff, who was charged with violating rules 301, 406 and 114, pleaded guilty to Rule 406 before Hearing Officer David Sipes pursuant to a plea agreement. *Id.* at 2.

Regarding Defendants Lohman and Godlove, Plaintiff appears to allege that Lohman discriminated against him by approving the March 22, 2018 violation without "test result percentages" or a "chain of custody." ECF No. 5 at 3. Plaintiff appears to allege that Godlove discriminated against him because she did not respond to Plaintiff's request for her first name during the aforementioned hearing. *Id.*

## II.     STANDARD OF REVIEW

Plaintiff filed this Complaint *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To

3

protect against possible abuses of this privilege, the statute requires a court to "dismiss any claim that fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Court is mindful of its obligation to liberally construe the pleadings of *pro se* litigants such as Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a *pro se* complaint, a plaintiff's allegations are assumed to be true. *Id*. at 93–94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Randolph v. Baltimore City States Atty.*, No. WQD-14-3176, 2014 WL 5293708, at *1 (D. Md. Oct. 14, 2014) (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990)).

## III. DISCUSSION

Plaintiffs bringing an action under § 1983 "must prove that the charged state actor (1) deprived plaintiff of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was performed under color of the referenced sources of state law found in the statute." *Phillips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Plaintiff appears to argue that Defendants, notably Steele, discriminated against him by charging him with possession of alcohol violations and deprived him of due process rights by placing him in segregated housing for 32 days and breaking his TV/radio system during a search of his cell. None of these allegations raise a plausible claim for relief.

### A. Discrimination

Plaintiff's allegations do not support a federal or constitutional claim of discrimination. Plaintiff presents no facts to suggest that Defendants purposefully discriminated against him on the basis of membership in a protected class or what that class might be. *See Veney v. Wyche*,

293 F.3d 726, 731 (4th Cir. 2002) (evaluating a claim of disparate treatment under the Equal Protection Clause of the Fourteenth Amendment). Rather, Plaintiff merely alleges that he was punished for an infraction, but his cellmate was not. Therefore, Plaintiff has failed to allege a viable discrimination claim.

### B. Due Process

To succeed on a due process claim, a plaintiff must first show the existence of a protected property or liberty interest. *Mathews v. Eldridge,* 424 U.S. 319, 332 (1976). Without a protected liberty interest, a plaintiff cannot successfully claim that his due process rights were violated because "[p]rocess is not an end in itself." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). In the prison context, there are two different types of constitutionally-protected liberty interests that trigger due process protections. The first arises from a state-created entitlement to an early release from incarceration. *Bd. of Pardons v. Allen,* 482 U.S. 369, 381 (1987). The second arises from the imposition of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff's allegations do not implicate either of these rights.

Regarding his alcohol infractions, prison disciplinary proceedings are not part of a criminal prosecution where the accused is afforded a full array of rights. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of diminution or "good time" credits, the inmate is entitled to certain due process protections, including: (1) advance written notice of the charges; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence and a written decision; (4) the opportunity to have non-attorney representation; and (5)

5

an impartial decision-maker. *See Wolff,* 418 U.S. at 564–66, 592. As long as the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. *See Baxter v. Palmigiano*, 425 U.S. 308, 322 n.5 (1976); *see also Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985) (substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence"). Here, Plaintiff does not allege that he lost any diminution credits or that Defendants failed to provide him with the due process protections required for prison disciplinary proceedings.

Regarding his liberty interest, periods of administrative or disciplinary segregation, even with restrictive conditions, are not "atypical and significant hardship[s]" which prompt due process protections. *See Beverati v. Smith*, 120 F.3d 500, 503-04 (4th Cir. 1997); *see also Incumaa v. Stirling*, 791 F.3d 517, 527 (4th Cir. 2015). This Court has concluded on numerous occasions that even cell restrictions for periods longer than the 32 days of segregation, which Plaintiff claims to have received, do not trigger due process protections. *See, e.g., Germain v. Bishop*, TDC-15-1421, 2018 WL 1453336, at *12 (D. Md. Mar. 23, 2018) (no due process interest in avoiding 90-day period of segregation, among other punishment); *Reynolds v. Shearin*, DKC-13-2495, 2015 WL 570308, at *5 (D. Md. Feb. 10, 2015) (same, for 60-day period of segregation); *Jones v. Morgan*, RWT–10–2928, 2011 WL 3299344, at *3 (D. Md. July 29, 2011) ("The addition of 30–days' cell restriction to Jones's punishment similarly fails to implicate a liberty interest."). Plaintiff only alleges that he was placed in segregation as a result of his disciplinary infraction, offering nothing to suggest that this treatment was "atypical and significant in comparison to the general population." *Incumaa*, 791 F.3d at 529.

Insofar as Plaintiff complains about loss of personal property incident to a cell search, deprivations of personal property do not violate substantive due process rights when adequate

6

post-deprivation state remedies are available. *See Parratt v. Taylor*, 451 U.S. 527, 543 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 vindicates federal rights, not tort claims for which there are adequate state law remedies. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (citing *Tucker v. Duncan*, 499 F.2d 963, 965 n.1 (4th Cir. 1974)). The right to seek damages and injunctive relief in Maryland courts following exhaustion of applicable administrative remedies under the Maryland Tort Claims Act constitutes an adequate post-deprivation remedy. Plaintiff may seek redress for the loss of his property in the courts of Maryland. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis").

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint is dismissed. A separate Order follows.


Dated: <u>August 17, 2018</u>                                              <u>       /s/                                </u>
                                                                                       GEORGE J. HAZEL
                                                                                       United States District Judge